Howard T. Hogan, J.
In this proceeding in eminent domain, the claimants, El Pridian Corporation and Aviation Distributors, Inc., move for an order directing petitioner to make an advance payment together with interest at the rate of 6% per annum. Since the advance payment has now been made by the petitioner prior to the return date hereof, that portion of claimants ’ motion is moot. The petitioner, however, has refused to pay any interest on said advance.
The petitioner contends that no interest should he payable to claimants because of their failure to make timely demand for the advance payment after notice was given of the commencement of this proceeding and because of claimants ’ responsibility for the delays in proceeding to trial.
It is clear, beyond doubt, that the statutory authority for advance payments does not require that any demand be made by the claimant (L. 1971, ch. 1161). Ample procedures exist whereby the condemnor can deposit the amount of the advance either with the clerk of the court or with the appropriate fiscal officer in order to suspend the running of interest. Section 11-62.0 of the Nassau County Administrative Code also provides a procedure whereby interest can be suspended five days after the treasurer notifies the condemnee by mail that he is ready to pay. , .
*1091 In this matter, the petitioner did not avail itself of any of the remedies available to it nor did it in any way notify the claimants of any possible suspension of interest.
Petitioner could have moved the court at any time prior to trial for an order suspending interest if it felt that undue delays were caused by dilatory tactics of the claimants. This it did not choose to do.
Accordingly, the motion is granted.